UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENZELL MAGIC METCALF,<br><br>              Plaintiff,<br><br>     v.<br><br>DAZ, et al.,<br><br>              Defendants. | Case No.: 1:26-cv-00491-SKO<br><br>**ORDER VACATING ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 6)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION DEADLINE**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Denzell Magic Metcalf is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

On January 21, 2026, Plaintiff filed a complaint and an application to proceed *in forma pauperis* (IFP). (Docs. 1 & 2.)  On January 27, 2026, the Court granted Plaintiff IFP status. (Doc. 6.)  Following additional review, the Court will vacate the order granting IFP and recommend IFP be denied.

## II.    THREE STRIKES PROVISION OF 28 U.S.C. § 1915

Title 28 of the United States Code section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

## III.    JUDICIAL NOTICE

The Court takes judicial notice[1] of three prior lawsuits filed by Plaintiff in this district and the Central District:

1.  *Metcalf v. Long Beach Police Department*, No. 2:15-cv-07918-JAK-AFM (C.D. Cal.) (dismissed for failure to state a claim on July 19, 2016)

2.  *Metcalf v. Viapath Technologies,* No. 1:24-cv-00004-KES-HBK (E.D. Cal.) (dismissed as frivolous and for failure to state a claim on July 8, 2024)

3.  *Metcalf v. Paramount Pictures*, No. 1:24-cv-00015-KES-SAB (E.D. Cal.) (dismissed as frivolous on July 8, 2024)

A dismissal for a failure to state a claim or as frivolous is a strike for purposes of 28 U.S.C. § 1915(g). *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017); *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on January 21, 2026, Plaintiff is subject to the section 1915(g) bar. He is also precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

### IV.    IMMINENT DANGER DISCUSSION

#### *Plaintiff's Allegations*

The Court has conducted a review of Plaintiff's complaint. Plaintiff alleges that on October 3, 2025, at Kern Valley State Prison, he approached the program office to attend a disciplinary hearing. Correctional Officer Calderon performed a search and caressed Plaintiff's "buttock area and squeezed on it." When Plaintiff turned to confront Calderon, he denied doing so. Plaintiff alleges Calderon then "retaliated against" him by "[stripping him] out of his clothes for saying something to him about to cover his tracks." Plaintiff alleges Calderon told him that "when the cameras were off he would retaliate against [him] for not accepting his sexual advances." (Doc. 1.)

Plaintiff's allegations do not satisfy the imminent danger exception to section 1915(g). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The Court finds there is no genuine emergency involving a real or proximate threat where time is pressing. *Lewis*, 279 F.3d at 531. An alleged sexual assault occurring more than three months prior to the filing of the complaint does not present an imminent danger of serious physical injury. *Blackman*, 2016 WL 5815905, at *1; *Martin*, 319 F.3d at 1050. Such allegations represent past harm rather than future harm. *See Carroll v. State of California*, No. 1:24-cv-00627 JLT EPG (PC), 2025 WL 637072, at *1 (E.D. Cal. Feb. 27, 2025) (holding that plaintiff did not

3

demonstrate an imminent danger of serious physical injury based on past harm or harm to other transgender inmates); *Heizelman v. Biden*, No. 1:25-cv-00153-SKO, 2025 WL 1029377, at *2 (E.D. Cal. Feb. 11, 2025) (finding "a previous alleged sexual assault … concerns past harm" and that "vague 'verbal threats of physical harm to [] health and safety' are insufficient"), adopted in full, 2025 WL 715841 (E.D. Cal. Mar. 6, 2025); *Kelly v. Newsome*, No. 1:24-cv-01063-SKO, 2024 WL 4449929, at *2 (E.D. Cal. Sept. 10, 2024) (finding "the 'imminent danger' exception cannot be triggered solely by complaints of past harm"), adopted in full, 2024 WL 4505395 (E.D. Cal. Oct. 16, 2024). Nor does Plaintiff allege "a real, present threat." *Id*. *See also, e.g., Valenzuela v. Shinn*, No. CV 20-00212-PHX-MTL (MHB), 2020 WL 8969759, at *2 (D. Ariz. Mar. 3, 2020) (finding no imminent danger of serious physical injury to transgendered inmate subject to strip searches by male detention officers); *James v. Frank*, No. 9:17cv167, 2017 WL 11707563, at *1 (E.D. Tex. Oct. 5, 2017) (finding no imminent danger of serious physical injury where plaintiff asserted "he was grabbed and slapped on the buttocks during a pat-search"); *Carter v. Chavis*, No. 3:06-2431-TLW-JRM, 2007 WL 1377655, at *1 (D.S.C. May 7, 2007) (harassment based upon strips searches does not show imminent danger of serious physical injury).

In sum, Plaintiff fails to allege he was in any imminent danger of serious physical injury when the complaint was filed. Therefore, Plaintiff should be precluded from proceeding IFP in this action and must pay the $405 filing fee to litigate this action. *Andrews*, 493 F.3d at 1052-53; *Lewis*, 279 F.3d at 531.

**V.    ORDER AND RECOMMENDATIONS**

Accordingly, the Court **HEREBY ORDERS** the following:

1. The order issued January 27, 2026 (Doc. 6) is **VACATED.**

2. The Clerk of the Court **SHALL** randomly assign a district judge to this action.

Further, based on the foregoing, the Court **HEREBY RECOMMENDS** that:

    a. Plaintiff's application to proceed IFP (Doc. 2) be **DENIED** and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and

    b. Plaintiff be ordered to pay the $405 filing fee in full within 30 days.

4

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 24, 2026**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE